## WOODWARD v. WILLIAMSON.

1. AMENDMENT—APPEAL.—Is an order permitting an amendment to the answer at once appealable?

2. IBID.—Assuming that an amendment of the answer changing substantially

the defence was permitted at the trial, it would seem that it should be determined by the rule that governs amendments before trial, when plaintiff, as in this case, was granted a continuance because of the amendment.

3. IBID.—ESTOPPEL—CONTINUANCE.—Where defendant in action for partition denied plaintiff's title, and asserted title in defendant, there was no substantial change of the defence in an amendment to the answer which permitted a special plea of estoppel in support of the title alleged in the original answer. In such case the plaintiff was properly given time to meet the new allegations alleged.

4. IBID.—ACCEPTANCE.—An amendment to the answer having been allowed on payment of twenty dollars to plaintiff, the acceptance by plaintiff of this sum of money operated as a consent by plaintiff to the amendment so ordered.

5. APPEAL.—An order not appealed from not considered on appeal from another order in the same cause.

Before WITHERSPOON, J., Aiken, April, 1892.

Action by Arabel V. Woodward against James Williamson for partition, commenced August 12, 1891.

*Mr. John Gary Evans*, for appellant.

*Messrs. Henderson Bros.*, contra.

June 12, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The plaintiff brings this action for partition of certain real estate, and an account for the rents and profits thereof.   In her complaint she alleges that one Vandy George died seized and possessed of the real estate in question, leaving as his only heirs at law his widow, Elizabeth George, and his daughter, Ancibel, now Ancibel V. Woodward; that the said Elizabeth George conveyed her undivided interest, being one-third, in the said land to the defendant, James Williamson, who is now in possession thereof, receiving the rents and profits to the exclusion of plaintiff.   The defendant answered: 1st. Denying each and every allegation contained in the complaint.   2d. Alleging that he is the owner of said land and is in possession thereof.   3d. "That he alleges, that if the plaintiff ever had any right or title to the lands described in the complaint, she is estopped from asserting the same, be-

cause of her conduct, statements and representations concerning the same made to the defendant, upon which he acted." Upon reading the pleadings, a demurrer was interposed by plaintiff to the third paragraph of the answer, which being sustained, defendant moved to amend said paragraph, which motion was refused.

Thereupon the defendant moved to amend the second paragraph of his answer, so that it should read as follows: "That he alleges that he is the owner of the land described in the complaint (because on the 14th day of February, 1888, he purchased the tracts of land described in the complaint from Elizabeth George, for valuable consideration paid and made secure, and that before and at said time, and since, the plaintiff represented to this defendant that said Elizabeth George was the owner of said lands, and that the plaintiff had no interest therein, and that defendant acted on said representations), and is in possession thereof;" the amendment being indicated by the words enclosed in parenthesis. This amendment was allowed, "upon condition that the defendant pay to the plaintiff the sum of twenty dollars within thirty days from the date of this order," which condition was complied with by the payment to the plaintiff's counsel by counsel for defendant of the said sum of money within the time prescribed, at which time the amended answer was served. When the order allowing the amendment was granted, the Circuit Judge "stated to plaintiff's counsel that if the amendment worked a surprise he would continue the case, which being claimed the cause was continued." From this order allowing the amendment the plaintiff appeals upon the following ground: "Because his honor erred in allowing the defendant, James Williamson, to amend his answer by inserting new matter, and thereby changing substantially his defence while said cause was upon trial."

Waiving for the present the question whether such an order is appealable, and not deciding that question, we propose to consider the case on its merits. Inasmuch as the "Case" does not show that the order allowing the amendment was made "during or after the trial," it is not clear that the amendment falls within the limitation pre-

scribed in section 194 of the Code, as construed in *Hall* v. *Woodward,* 30 S. C., 564. But as it is stated in the argument of plaintiff's counsel that the case had previously been referred to the master to take and report the testimony, and that the case came up for trial upon the testimony thus taken and reported, and as this statement seems to be admitted, impliedly at least, by defendant's counsel in his argument, we are willing to consider the question raised by this appeal as if the amendment had been made during the trial; though we must say that after the plaintiff was offered and had accepted a continuance of the case, the reason, as given in *Hall* v. *Woodward, supra,* why an amendment should not be allowed during the trial where the claim or defence is substantially changed, would not apply.

But waiving this, we propose to consider whether the amendment allowed did substantially change the defence set up by defendant in his original answer. That defence was of a two-fold character. 1st. A general denial of the facts alleged in the complaint upon which plaintiff based her claim to partition. 2d. An assertion of title in the defendant to the land of which plaintiff sought partition. The amendment allowed made no change in this defence, but simply permitted defendant to state in a definite form *how* he claimed his title, which had previously been asserted in a general form. It was, therefore, no change in the defence originally set up, but merely a change in the mode of stating it, and that is clearly within the province of an amendment. Before the plaintiff could recover, under the pleadings as originally framed, it would be necessary for her not only to establish her own allegations, but to overcome the proof which defendant might make in establishing his own title. She must have assumed the position of a plaintiff in an action for the recovery of real estate, and the defendant might simply fold his arms, or might show a better title in himself or any one else; and to do this it would not, ordinarily, be necessary for him to set out in his pleadings the several links in his chain of title. While, therefore, it may be that the defendant would not be permitted to offer evidence of an estoppel without pleading it

specially; yet when he was permitted to do so, he did not thereby change his defence, which, after all, was superior title in himself, whether derived from estoppel or otherwise. The amendment allowed, therefore, effected no change in his defence, but, at most, removed obstacles to his offering certain evidence to sustain his defence, which still remains the same. Of course, where such an amendment may operate as a surprise to the other party, the court would always undoubtedly do, as was very properly done in this case—afford time to meet the new allegations proposed to be relied upon to support the defence originally pleaded in a general form.

There is also another ground upon which the order appealed from must be sustained. That order having been granted upon condition that a certain sum of money should be paid by defendant to plaintiff, the latter, by accepting the money, is estopped from disputing the validity of the order, upon the principle that a party cannot be permitted to accept the benefit and at the same time repudiate the corresponding burden, upon condition of which he receives the benefit. If the order was invalid and void, then the plaintiff certainly had no right to the money paid as a condition of the allowance of the amendment; and when it was received, it operated as a consent to the amendment allowed upon condition of such payment.

It may be proper for us to add that, inasmuch as there is no appeal from the order sustaining the demurrer to the third paragraph of the answer, and refusing leave to amend that paragraph, that matter is not before us, and, therefore, we have not felt at liberty to consider it, and this court must not be considered as either approving or disapproving the same.

The judgment of this court is, that the order appealed from be affirmed, and that the case be remanded to the Circuit Court for trial under the pleadings as amended.